IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AARON T. BJORKSTRAND,　　　　　　　　No. CIV S-08-1531-CMK-P

　　　　Plaintiff,

　　vs.　　　　　　　　　　　　　　　　ORDER

DANIEL T. DUBOSE, et al.,

　　　　Defendants.

　　　　　　　　/

　　　　Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's complaint (Doc. 1).

　　　　The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne,

1

84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants:  DuBose, Hasimoto, Williams, Tucker, and Martel.[1]  Plaintiff states that he was sent to an outside hospital for surgery on his right ear.  Defendant DuBose performed the surgery but, according to plaintiff, "not before he cut into my left ear, which is the wrong ear."  Plaintiff states that, when he awoke following the surgery there was blood coming out of his left ear.  He adds that a transport officer present at the time of the surgery who was in plaintiff's room when he awoke began to laugh and stated:  "that doctor had started to operate on the wrong ear, but stopped before he went too far."

According to plaintiff, he was seen at the prison medical clinic several days later by defendant Tucker, a prison nurse.  He states that, on examination, defendant Tucker noted a small amount of dried blood in the left ear canal and referred plaintiff to see defendant Hasimoto, a prison doctor.  Plaintiff claims that defendant Hasimoto refused to acknowledge or treat the cut in plaintiff's left ear.

/ / /

/ / /

---

[1] Plaintiff also names "John Doe" transport officers and hospital staff.  Until the complaint is amended to substitute true names for these doe defendants, they are not proper defendants.  The Clerk of the Court will be directed to update the docket to terminate "Transport Officers," "O.R. Staff," and "Hospital Staff" as separately named defendants.

1  Plaintiff then filed an inmate grievance outlining his situation.  He states that the
2  second level response was written by defendant Williams, the prison health care manager.
3  According to plaintiff, defendant Williams' response stated that the prison "is not responsible for
4  the actions of any outside consultants, clinicians, or physicians that are under contract with
5  C.D.C.R."  Plaintiff states that this is incorrect under state law.

6  Plaintiff summarizes his claims as follows:

> To summarize my complaint, Dr. DuBose performed malpractice on me when he cut into the wrong ear which was an [sic] negligent act. . . . R.N. Tucker was the first to notice the dried blood in my left ear canal, but failed to notify a doctor that their [sic] may have been a possibility that I was harmed during the operation. . . . Dr. Hasimoto failed to treat the bleeding in my left ear, which is a negligence act and a deliberate indifference to my medical treatment. . . . When I filed my [inmate grievance], Dr. Williams the Health Care Manager . . . failed to investigate ANY of my allegations of misconduct by the medical department at the prison.  Finally, Warden Martel is responsible for <u>ALL</u> of the inmates in his custody not just me and for him to ignore any allegations of staff misconduct by me or any inmate is a clear violation of the California Code of Regulations.

## II.  DISCUSSION

Generally, plaintiff asserts violations of the Eighth Amendment with respect to his medical needs.  The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  See <u>Helling v. McKinney</u>, 509 U.S. 25, 31 (1993); <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency."  <u>Estelle v. Gamble</u>, 429 U.S. 97, 102 (1976).  Conditions of confinement may, however, be harsh and restrictive.  See <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety."  <u>Toussaint v. McCarthy</u>, 801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious

1  such that it results in the denial of the minimal civilized measure of life's necessities; and (2)
2  subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of
3  inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison
4  official must have a "sufficiently culpable mind."  See id.

5  Deliberate indifference to a prisoner's serious illness or injury, or risks of serious
6  injury or illness, gives rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at
7  105; see also Farmer, 511 U.S. at 837.  This applies to physical as well as dental and mental
8  health needs.  See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982).  An injury or illness is
9  sufficiently serious if the failure to treat a prisoner's condition could result in further significant
10 injury or the ". . . unnecessary and wanton infliction of pain."  McGuckin v. Smith, 974 F.2d
11 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).
12 Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition
13 is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily
14 activities; and (3) whether the condition is chronic and accompanied by substantial pain.  See
15 Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

16 The requirement of deliberate indifference is less stringent in medical needs cases
17 than in other Eighth Amendment contexts because the responsibility to provide inmates with
18 medical care does not generally conflict with competing penological concerns.  See McGuckin,
19 974 F.2d at 1060.  Thus, deference need not be given to the judgment of prison officials as to
20 decisions concerning medical needs.  See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.
21 1989).  The complete denial of medical attention may constitute deliberate indifference.  See
22 Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).  Delay in providing medical
23 treatment, or interference with medical treatment, may also constitute deliberate indifference.
24 See Lopez, 203 F.3d at 1131.  Where delay is alleged, however, the prisoner must also
25 demonstrate that the delay led to further injury.  See McGuckin, 974 F.2d at 1060.
26 / / /

Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 106.  Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim.  See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

Plaintiff's complaint suffers from a number of fatal defects.  First, as to defendant DuBose, plaintiff admits that his claim is based on alleged medical malpractice.  Because negligence does not give rise to a claim cognizable under § 1983, he cannot state a claim against defendant DuBose.  Plaintiff's sole remedy for medical malpractice lies in the state court.

As to defendant Tucker, plaintiff alleges that she examined his ear and referred him for further evaluation and/or treatment by a doctor.  At best plaintiff's claim is one based on negligence.  In other words, because she provided some treatment and did not ignore his medical needs, it cannot be said that she was deliberately indifferent.  As with defendant DuBose, plaintiff cannot state a claim against defendant Tucker.

As to defendant Hasimoto, plaintiff alleges that he did not acknowledge or treat defendant DuBose's ear.  However, plaintiff has not alleged that he presented to defendant Hasimoto with any serious medical condition.  Rather, he specifically states that there was some dried blood in the left ear canal.  This indicates that there was no emergency problem with the left ear, such as active bleeding.  Further, plaintiff states that Dr. DuBose stopped the procedure on the left ear before he "went too far."  Thus, based on plaintiff's allegations, any problem with his left ear was not serious such that defendant Hasimoto can be said to have ignored any serious medical need.

As to defendant Williams, plaintiff alleges that his denial of his inmate grievance was incorrect under state law.  Because § 1983 is designed to redress constitutional violations, claims based on violations of state law are not cognizable under § 1983.  Further, prisoners have no stand-alone due process right to the administrative grievance process.  See Mann v. Adams,

855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance process). Therefore, plaintiff cannot state a claim against defendant Williams solely based on denial of his inmate grievance.

Finally, as to defendant Martel, plaintiff states that he is responsible solely based on his role as prison warden. Notably, plaintiff does not allege any personal involvement or actual knowledge on the part of defendant Martel. Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations, or had actual knowledge of the violations and failed to act to prevent them. See id. When a defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

### III. CONCLUSION

Because it is possible that some of the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order

to make plaintiff's amended complaint complete.  See Local Rule 15-220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 11-110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to terminate "Transport Officers," "O.R. Staff," and "Hospital Staff" as separately named defendants;

2. Plaintiff's complaint is dismissed with leave to amend; and

3. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

DATED:  October 28, 2008

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE