1

2

3

4

5

6

7

8              **IN THE UNITED STATES DISTRICT COURT**

9            **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   AARON T. BJORKSTRAND,              No. CIV S-08-1531-CMK-P

12              Plaintiff,

13        vs.                          <u>ORDER</u>

14   DANIEL T. DUBOSE, et al.,

15              Defendants.

16   _____/

17        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant

18   to 42 U.S.C. § 1983.   Pending before the court is plaintiff's first amended complaint (Doc. 26).[1]

19        The court is required to screen complaints brought by prisoners seeking relief

20   against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

21   § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22   malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23   from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

24   _____

25        [1]   Plaintiff filed a document entitled "Amend Complaint" (Doc. 29) on December
     17, 2008, in response to the court's December 3, 2008, order to show cause.  In all material
     respects, this document is identical to the amended complaint at Doc. 26 and, therefore, will be
26   stricken as duplicative.

1  the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

2  statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

3  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne,

4  84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied

5  if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon

6  which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must

7  allege with at least some degree of particularity overt acts by specific defendants which support

8  the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

9  impossible for the court to conduct the screening required by law when the allegations are vague

10  and conclusory.

11       As in his original complaint, plaintiff names the following as defendants:

12  DuBose, Hasimoto, Williams, Tucker, and Martel.  Plaintiff's factual allegations are substantially

13  the same as those set forth in the original complaint, which the court summarized as follows in

14  its October 29, 2008, order:

15  . . . Plaintiff states that he was sent to an outside hospital
for surgery on his right ear.  Defendant DuBose performed the surgery but,

16  according to plaintiff, "not before he cut into my left ear, which is the
wrong ear."  Plaintiff states that, when he awoke following the surgery

17  there was blood coming out of his left ear.  He adds that a transport officer
present at the time of the surgery who was in plaintiff's room when he

18  awoke began to laugh and stated:  "that doctor had started to operate on
the wrong ear, but stopped before he went to far."

19  According to plaintiff, he was seen at the prison medical
clinic several days later by defendant Tucker, a prison nurse.  He states

20  that, on examination, defendant Tucker noted a small amount of dried
blood in the left ear canal and referred plaintiff to see defendant Hasimoto,

21  a prison doctor.  Plaintiff claims that defendant Hasimoto refused to
acknowledge or treat the cut in plaintiff's left ear.

22  Plaintiff then filed an inmate grievance outlining his
situation.  He states that the second level response was written by

23  defendant Williams, the prison health care manager.  According to
plaintiff, defendant Williams' response stated that the prison "is not

24  responsible for the actions of any outside consultants, clinicians, or
physicians that are under contract with C.D.C.R."  Plaintiff states that this

25  is incorrect under state law.

26  / / /

2

1                   Plaintiff summarizes his claims as follows:

2                           To summarize my complaint, Dr. DuBose
performed malpractice on me when he cut into the wrong
ear which was an [sic] negligent act. . . .   R.N. Tucker was
the first to notice the dried blood in my left ear canal, but
failed to notify a doctor that their [sic] may have been a
possibility that I was harmed during the operation. . . .  Dr.
Hasimoto failed to treat the bleeding in my left ear, which
is a negligence act and a deliberate indifference to my
medical treatment. . . .  When I filed my [inmate grievance],
Dr. Williams the Health Care Manager . . . failed to
investigate ANY of my allegations of misconduct by the
medical department at the prison.  Finally, Warden Martel
is responsible for <u>ALL</u> of the inmates in his custody not just
me and for him to ignore any allegations of staff
misconduct by me or any inmate is a clear violation of the
California Code of Regulations.

                   In the instant first amended complaint, plaintiff states that defendant DuBose is a

doctor and that he performed surgery on plaintiff.  Plaintiff claims that he "operated on the wrong

ear" and "committed a negligent act . . . when he failed to acknowledge and correct his mistake."

As to defendant Tucker, plaintiff states that she noted a small incision and bleeding in his left

year but failed "to act accordingly."  Plaintiff claims defendant Tucker is liable because "she

should have followed institutional procedure by sending me to the prison's central treatment

center . . . for the bleeding in my left year."  Instead, according to plaintiff defendant Tucker told

him to return to his cell and "wait to be ducated" to see the doctor.  Plaintiff ultimately was seen

by defendant Hasimoto, also a doctor.  As to defendant Hasimoto, plaintiff alleges that, despite

being told about defendant DuBose's error and that he was in pain, he did not alleviate the pain.

Plaintiff claims that defendant Williams is responsible for failing to investigate his claims when

he submitted a prison grievance.  Finally, plaintiff continues to assert that defendant Martel is

responsible as the prison warden.

/ / /

/ / /

/ / /

The court outlined the applicable legal standards in the October 29, 2008, order dismissing the original complaint with leave to amend. Those standards will not be repeated here. The court finds that the first amended complaint, which sets forth essentially the same allegations as those outlined in the original complaint, suffers from the same defects. In the October 29, 2008, order, the court outlined the following defects:

. . . First, as to defendant DuBose, plaintiff admits that his claim is based on alleged medical malpractice. Because negligence does not give rise to a claim cognizable under § 1983, he cannot state a claim against defendant DuBose. Plaintiff's sole remedy for medical malpractice lies in the state court.

As to defendant Tucker, plaintiff alleges that she examined his ear and referred him for further evaluation and/or treatment by a doctor. At best plaintiff's claim is one based on negligence. In other words, because she provided some treatment and did not ignore his medical needs, it cannot be said that she was deliberately indifferent. As with defendant DuBose, plaintiff cannot state a claim against defendant Tucker.

As to defendant Hasimoto, plaintiff alleges that he did not acknowledge or treat defendant DuBose's ear. However, plaintiff has not alleged that he presented to defendant Hasimoto with any serious medical condition. Rather, he specifically states that there was some dried blood in the left ear canal. This indicates that there was no emergency problem with the left ear, such as active bleeding. Further, plaintiff states that Dr. DuBose stopped the procedure on the left ear before he "went too far." Thus, based on plaintiff's allegations, any problem with his left ear was not serious such that defendant Hasimoto can be said to have ignored any serious medical need.

As to defendant Williams, plaintiff alleges that his denial of his inmate grievance was incorrect under state law. Because § 1983 is designed to redress constitutional violations, claims based on violations of state law are not cognizable under § 1983. Further, prisoners have no stand-alone due process right to the administrative grievance process. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance process). Therefore, plaintiff cannot state a claim against defendant Williams solely based on denial of his inmate grievance.

Finally, as to defendant Martel, plaintiff states that he is responsible solely based on his role as prison warden. Notably, plaintiff does not allege any personal involvement or actual knowledge on the part of defendant Martel. Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations, or had actual knowledge of the violations and failed to act to

1     prevent them.  <u>See</u> <u>id.</u>  When a defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be

2     specifically alleged.  <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and

3     conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient.  <u>See</u> <u>Ivey v. Board of</u>

4     <u>Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

5  Plaintiff has not cured any of these problems in the amended complaint.  Specifically, he

6  continues to claim that defendants DuBose, Tucker, and Hasimoto are liable for their allegedly

7  negligent conduct with respect to his ear surgery.  As to defendants Tucker and Hasimoto in

8  particular, they cannot be held liable for alleged deliberate indifference because plaintiff

9  specifically states that they both provided treatment.  While plaintiff may feel that their treatment

10  was inadequate, such a claim is not cognizable under § 1983, which provides a remedy for

11  conduct which violates the constitution and not for conduct which is merely negligent.

12     Because it does not appear possible that the deficiencies identified herein can be

13  cured by further amending the complaint, plaintiff is not entitled to leave to amend prior to

14  dismissal of the entire action.  <u>See</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000)

15  (en banc).  Plaintiff will be directed to show cause in writing, within 30 days of the date of this

16  order, why this action should not be dismissed for failure to state a claim.  Plaintiff is warned that

17  failure to respond to this order may result in dismissal of the action for the reasons outlined

18  above, as well as for failure to prosecute and comply with court rules and orders.  <u>See</u> Local Rule

19  11-110.

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

1

2          Accordingly, IT IS HEREBY ORDERED that:

3          1.     The document entitled "Amend Complaint" (Doc. 29) filed on December

17, 2008, is stricken; and

4          2.     Plaintiff shall show cause in writing within 30 days of the date of this

order why this action should not be dismissed.

6

7

DATED:  December 24, 2008

8

_____
9          CRAIG M. KELLISON
           UNITED STATES MAGISTRATE JUDGE
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

6