1

2

3

4

5

6

7

8       **IN THE UNITED STATES DISTRICT COURT**

9       **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    AARON T. BJORKSTRAND,                    No. CIV S-08-1531-CMK-P

12                  Plaintiff,

13         vs.                                            ORDER

14    DANIEL T. DUBOSE, et al.,

15                  Defendants.

16    _____/

17              Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant

18    to 42 U.S.C. § 1983.   Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28

19    U.S.C. § 636(c) and no other party has been served or appeared in the action.  Pending before the

20    court is plaintiff's first amended complaint (Doc. 26) and plaintiff's response (Doc. 35) to the

21    court's December 24, 2008, order to show cause why this action should not be dismissed.

22              The court is required to screen complaints brought by prisoners seeking relief

23    against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

24    § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

25    malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

26    from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

1   the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

2   statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

3   This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne,

4   84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied

5   if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon

6   which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must

7   allege with at least some degree of particularity overt acts by specific defendants which support

8   the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

9   impossible for the court to conduct the screening required by law when the allegations are vague

10  and conclusory.

11          As in his original complaint, plaintiff names the following as defendants:

12  DuBose, Hasimoto, Williams, Tucker, and Martel.  The court has summarized plaintiff's factual

13  allegations in prior orders and will not do so again here.   Plaintiff's allegations do not give rise

14  to a cognizable claim for deliberate indifference under the Eighth Amendment.   In the December

15  24, 2008, order to show cause, the court outlined the defects in plaintiff's allegations as follows:

16          In the instant first amended complaint, plaintiff states that
        defendant DuBose is a doctor and that he performed surgery on plaintiff.
17      Plaintiff claims that he "operated on the wrong ear" and "committed a
        negligent act . . . when he failed to acknowledge and correct his mistake."
18      As to defendant Tucker, plaintiff states that she noted a small incision and
        bleeding in his left year but failed "to act accordingly."  Plaintiff claims
19      defendant Tucker is liable because "she should have followed institutional
        procedure by sending me to the prison's central treatment center . . . for
20      the bleeding in my left year."  Instead, according to plaintiff defendant
        Tucker told him to return to his cell and "wait to be ducated" to see the
21      doctor.  Plaintiff ultimately was seen by defendant Hasimoto, also a
        doctor.  As to defendant Hasimoto, plaintiff alleges that, despite being told
22      about defendant DuBose's error and that he was in pain, he did not
        alleviate the pain.  Plaintiff claims that defendant Williams is responsible
23      for failing to investigate his claims when he submitted a prison grievance.
        Finally, plaintiff continues to assert that defendant Martel is responsible as
24      the prison warden.

25  / / /

26  / / /

2

The court outlined the applicable legal standards in the October 29, 2008, order dismissing the original complaint with leave to amend. Those standards will not be repeated here. The court finds that the first amended complaint, which sets forth essentially the same allegations as those outlined in the original complaint, suffers from the same defects. In the October 29, 2008, order, the court outlined the following defects:

> . . . First, as to defendant DuBose, plaintiff admits that his claim is based on alleged medical malpractice. Because negligence does not give rise to a claim cognizable under § 1983, he cannot state a claim against defendant DuBose. Plaintiff's sole remedy for medical malpractice lies in the state court.
>
> As to defendant Tucker, plaintiff alleges that she examined his ear and referred him for further evaluation and/or treatment by a doctor. At best plaintiff's claim is one based on negligence. In other words, because she provided some treatment and did not ignore his medical needs, it cannot be said that she was deliberately indifferent. As with defendant DuBose, plaintiff cannot state a claim against defendant Tucker.
>
> As to defendant Hasimoto, plaintiff alleges that he did not acknowledge or treat defendant DuBose's ear. However, plaintiff has not alleged that he presented to defendant Hasimoto with any serious medical condition. Rather, he specifically states that there was some dried blood in the left ear canal. This indicates that there was no emergency problem with the left ear, such as active bleeding. Further, plaintiff states that Dr. DuBose stopped the procedure on the left ear before he "went too far." Thus, based on plaintiff's allegations, any problem with his left ear was not serious such that defendant Hasimoto can be said to have ignored any serious medical need.
>
> As to defendant Williams, plaintiff alleges that his denial of his inmate grievance was incorrect under state law. Because § 1983 is designed to redress constitutional violations, claims based on violations of state law are not cognizable under § 1983. Further, prisoners have no stand-alone due process right to the administrative grievance process. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance process). Therefore, plaintiff cannot state a claim against defendant Williams solely based on denial of his inmate grievance.
>
> Finally, as to defendant Martel, plaintiff states that he is responsible solely based on his role as prison warden. Notably, plaintiff does not allege any personal involvement or actual knowledge on the part of defendant Martel. Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See

3

1

2

3

4

5

6

7

8
                     Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations, or had actual knowledge of the violations and failed to act to prevent them.  See id.  When a defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

9

10

11

12

13
              Plaintiff has not cured any of these problems in the amended complaint.  Specifically, he continues to claim that defendants DuBose, Tucker, and Hasimoto are liable for their allegedly negligent conduct with respect to his ear surgery.  As to defendants Tucker and Hasimoto in particular, they cannot be held liable for alleged deliberate indifference because plaintiff specifically states that they both provided treatment.  While plaintiff may feel that their treatment was inadequate, such a claim is not cognizable under § 1983, which provides a remedy for conduct which violates the constitution and not for conduct which is merely negligent.

14

15
        Based on the foregoing, plaintiff was directed to show cause why this action should not be dismissed.

16

17

18

19

20
        In his response, plaintiff states that defendant DuBose was negligent and that unnamed prison doctors "failed to protect me from serious harm. . . ."  While he now asserts that defendants Hasimoto, Tucker, and Williams did not do "anything to help me" and that his "complaint was ignored," these statements are clearly inconsistent with the allegations in the first amended complaint.  Plaintiff does not offer any response as to defendant Martel.

21

22

23

24
        The court finds that, because plaintiff's claims are based on alleged negligence and not deliberate indifference, he cannot state a cognizable claim.  The court also finds that further amendment cannot cure this defect and that this action should now be dismissed in its entirety.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

25
/ / /

26
/ / /

4

1    Accordingly, IT IS HEREBY ORDERED that:

2         1.    This action is dismissed; and

3         2.    The Clerk of the Court is directed to enter judgment of dismissal and close

4    this file.

5

6    DATED:  February 19, 2009

7

8                                                    CRAIG M. KELLISON
                                                     UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26